UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| JEF MEDLEY, ) | |
| ) | Case No. 4:01-CR-41; 4:16-CV-31 |
| *Petitioner*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 70]. The United States responded in opposition on June 25, 2016 [Doc. 75], and Petitioner replied [Doc. 76]. Also before the Court is Petitioner's request for release on bond pending this Court's resolution of his collateral challenge [Doc. 78]. The United States responded in opposition to the request for bond on October 18, 2016 [Doc. 79], and Petitioner replied. For the reasons below, Petitioner's § 2255 motion [Doc. 70] will be **DENIED** and **DISMISSED WITH PREJUDICE**; the request for release on bond pending resolution of the same [Doc. 78] will be **DENIED AS MOOT**.

### I. BACKGROUND

In 2002, Petitioner pled guilty to one count of conspiring to manufacture and distribute at least fifty grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B); three counts of possessing equipment, chemicals, and products used to manufacture methamphetamine, in violation of 21 U.S.C. § 843(a)(6); and one count of attempting to manufacture methamphetamine, in violation of 21 U.S.C. § 846 and 841(a)(1), (b)(1)(C). *United*

*States v. Medley*, 85 F. App'x 410 (6th Cir. 2003). At the time, Petitioner had several prior Tennessee convictions, including a 1982 robbery conviction [Presentence Investigation Report (PSR) ¶ 63], two 1984 convictions for selling marijuana [*Id.* ¶¶ 67, 68], and a 1985 escape conviction [*Id.* ¶ 69]. The prior drug convictions meant that Petitioner faced enhanced statutory penalty ranges of ten years to life imprisonment for the drug conspiracy offense, up to thirty years' imprisonment for the attempt to manufacture methamphetamine, and up to twenty years' imprisonment for the possession of methamphetamine equipment [*Id.* ¶ 122].

Based on Petitioner's prior Tennessee robbery, sale of marijuana, and escape convictions, the United States Probation Office deemed Petitioner to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines [*Id.* ¶ 49]. This Court ultimately sentenced Petitioner to 225 months' incarceration on November 4, 2002 [Doc. 42]. *Medley*, 85 F. App'x at 410. Petitioner appealed, but the Sixth Circuit affirmed his convictions and sentence. *Id.* at 411. The Supreme Court denied Petitioner's request for a writ of certiorari on April 19, 2004, and his conviction became final for purposes of § 2255(f)(1) that same date. *See, e.g.*, *Clay v. United States*, 537 U.S. 522, 525, 532 (2003) (explaining that in the case of a direct appeal a petitioner's conviction becomes final upon denial of certiorari).

The Supreme Court decided *Johnson v. United States*—invalidating the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)—on June 26, 2015. 135 S. Ct. 2551 (2015). Petitioner filed the instant petition for collateral relief less than one year later [Doc. 70 (challenging his career offender enhancement in light of the *Johnson* decision)].

II.     TIMELINESS OF PETITIONER'S CLAIMS

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes

2

final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (U.S. 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). It is yet to be seen whether the same is true of the "new rule" that results from application of *Johnson*'s reasoning in the Guideline context. *See Pawlak v. United States*, 822 F.3d 902, 911 (6th Cir. 2016) (holding that *Johnson*'s vagueness analysis applies equally to the Guidelines and, as a result, that the parallel residual provision contained in Section 4B1.2 was void for vagueness); *but see In re Embry*, No. 16-5447, 2016 WL 4056056, at *1 (6th Cir. July 29, 2016) (recognizing that "it is not clear whether to treat *Pawlak* as a new rule that the Supreme Court has not yet made retroactive [to cases on collateral review] or as a rule dictated by *Johnson* that the Supreme Court has made retroactive"). The Court finds that it need not resolve the issue here, however, because the *Johnson* decision has no impact on Petitioner's case.

3

## III. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## IV. ANALYSIS

Petitioner articulates a single ground for relief, arguing that the *Johnson* decision removed an undisclosed number of prior convictions from Section 4B1.2's definition of "crime of violence" and, as a result, he lacks sufficient predicate offenses for career offender enhancement [Doc. 70 (challenging the use of his escape and robbery convictions as predicates)].

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to

another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.* Nor did *Johnson* disturb the use of prior serious drug offenses.

Section 4B1.1 of the United States Sentencing Guidelines classifies a defendant as a career offender if (1) he or she was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he or she has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S. Sentencing Manual § 4B1.1(a). Only Petitioner's satisfaction of the third prong—possession of two qualifying predicate convictions—is disputed [Doc. 70].

"Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

The validity of Petitioner's sentence thus depends on whether two or more of his prior convictions qualify as "crimes of violence" under one of the unaffected provisions of Section 4B1.2(a) or as "controlled substance offenses" under Section 4B1.2(b). *See e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any,

5

*Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n. 1 (2016). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions—elements—of a prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

Review of Petitioner's PSR reveals that a sufficient number of his prior convictions categorically qualify as predicate offenses independent of the residual clause and, as a result, the Court finds that he has failed to demonstrate an entitlement to collateral relief. Petitioner's two Tennessee convictions for selling marijuana involved the possession of a controlled substance with intent to distribute and carried a maximum penalty in excess of one year incarceration [PSR ¶¶ 67–68]. As a result, both offenses were properly classified as predicate convictions under Section 4B1.1(a)(3). *See, e.g.*, *United States v. Jenkins*, 613 F. App'x 754, 755 (10th Cir. 2015) (deeming the *Johnson* decision "irrelevant" where enhancement stemmed from drug offenses). Further, binding Sixth Circuit precedent dictates that Petitioner's Tennessee robbery conviction [PSR ¶ 63], categorically qualifies as a career-offender predicate under Section 4B1.2(a)(1)'s use-of-physical-force clause. *See, e.g.*, *United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (holding that Tennessee robbery is a violent felony under the ACCA's use-of-physical-force clause); *United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015) ("*Johnson* leaves unaffected this Court's determination that simple robbery in Tennessee is a predicate offense under 'the use-of-physical-force' clause"); *United States v. Kemmerling*, 612 F. App'x

6

373, 375–76 (6th Cir. 2015) (reiterating that *Johnson* did not affect the use-of-physical-force clause). The *Johnson* decision has no impact on either of these categorizations.

Because Petitioner has at least three prior convictions that qualify as predicate crimes of violence independent of the residual provision invalidated by the *Pawlak* decision, neither that decision nor the *Johnson* decision operate as a grounds for the requested collateral relief.[1]

## V. REQUEST FOR RELEASE ON BOND

In addition to the petition for collateral relief, Petitioner requests release on bond pending this Court's resolution of his collateral challenge. In light of this Court's resolution of that underlying challenge, Petitioner's request for release on bond will be **DENIED AS MOOT**.

## VI. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motion [Doc. 70] will be **DENIED** and **DISMISSED WITH PREJUDICE**; the request for release on bond pending resolution of the same [Doc. 78] will be **DENIED AS MOOT**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[1] Because Petitioner possesses at least three other qualifying crimes of violence, this Court finds that it need not address whether Petitioner's 1985 escape conviction remains a crime of violence after the *Johnson* decision.

7